UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re RTI Surgical Derivative Litigation | Master File No.: 1:20-CV-3347 (MFK) <br><br> Judge: Hon. Matthew F. Kennelly |

### ORDER FOR FINAL APPROVAL

This matter came before the Court for hearing on January 24, 2022, pursuant to the Order of this Court, dated September 30, 2021 ("Preliminary Order"), on Co-Lead Plaintiffs' motion for final approval of the settlement ("Settlement") set forth in the Stipulation of Settlement, dated September 10, 2021 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Preliminary Order, and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This District Court Approval Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined therein).

2. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all parties to the Derivative Matters, including, but not limited to Surgalign, the Stockholders and all current Surgalign stockholders,, and the Settling Defendants.

3. The Court finds that the notice provided to Surgalign stockholders was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein,

1

including the Settlement set forth in the Stipulation, to all Persons entitled to such notice. The notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and due process.

4. The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice. As among Stockholders, the Settling Defendants, and Surgalign, the parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. The Court finds that the terms of the Stipulation and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

6. Upon the Effective Date, as defined in ¶ 7.1, the Stockholders (acting on their own behalf and derivatively on behalf of Surgalign and its stockholders), all other stockholders of Surgalign, and Surgalign, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged and dismissed with prejudice each and every one of the Released Claims against the Released Persons.

7. Upon the Effective Date, as defined in ¶ 7.1, the Stockholders (acting on their own behalf and derivatively on behalf of Surgalign and its stockholders), all other stockholders of Surgalign, and Surgalign, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be forever barred and enjoined from commencing, instituting or prosecuting any of the Released Claims against any of the Released Persons.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

8. Upon the Effective Date, as defined in ¶ 7.1, each of the Released Persons, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and all of the Stockholders and Stockholders' Counsel and all current Surgalign stockholders (solely in their capacity as Surgalign stockholders) from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Derivative Matters or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

9. The Court hereby awards Stockholders' Counsel One Million Five Hundred Thousand ($1,500,000.00) Dollars as the Fee and Expense Amount and finds that such fee is fair and reasonable in light of the substantial benefit conferred upon Surgalign by the Settlement.

10. The Court also hereby awards each of the Stockholders Two Thousand Five Hundred ($2,500.00) Dollars as a Service Award, to be paid solely out of the Fee and Expense Amount.

11. Neither the Stipulation nor the Settlement, including the Exhibits attached thereto, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way as a concession, admission or evidence of the validity of any Released Claims, or of any fault, wrongdoing, or liability of the Released Persons or Surgalign; or (b) is or may be deemed to be or may be used as a presumption, admission, or evidence of, any liability, fault, or omission of any of the Released Persons or Surgalign in any civil, criminal, administrative, or other proceeding in any court, administrative agency, tribunal, or other forum. Neither the Stipulation nor the

Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file or use the Stipulation, the District Court Approval Order and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, standing, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. During the course of the Derivative Matters, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11, and all other similar laws relating to the institution, prosecution, defense of, or settlement of the Derivative Matters.

13. Without affecting the finality of this District Court Approval Order and the Judgment in any way, this Court hereby retains continuing and exclusive jurisdiction over the Actions and the parties to the Stipulation to enter any further orders as may be necessary to effectuate, implement, and enforce the Stipulation and the Settlement provided for therein and the provisions of this District Court Approval Order.

14. This District Court Approval Order and the Judgment is a final and appealable resolution in the Actions as to all claims, and the Court directs immediate entry of the Judgment forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure, dismissing the Actions with prejudice.

IT IS SO ORDERED.

DATED: January 24, 2022

HONORABLE MATTHEW F. KENNELLY
UNITED STATES DISTRICT JUDGE